**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MONICA WHEELER                                                                                          PLAINTIFF

v.                                       No. 4:11CV00263 JLH

BAXTER HEALTHCARE CORPORATION                                                    DEFENDANT

**OPINION AND ORDER**

The plaintiff, Monica Wheeler, brings this action against her former employer, Baxter Healthcare Corporation, for alleged violations of the Family Medical Leave Act; the Fair Labor Standards Act; and the Civil Rights Act, as amended by the Pregnancy Discrimination Act. Wheeler has filed a motion asking the Court to stay the briefing dates for the state-law class, and to conditionally certify her FLSA claim as a collective action, and Baxter has responded. For the following reasons, the Court denies Wheeler's motion.

**I.**

Wheeler alleges that she was required to arrive at work ten minutes before her shift and be at her workbench prior to her shift, but that she was not paid for this time, despite being a nonexempt, hourly employee. She seeks to certify a class of "all current or former hourly Baxter employees in Arkansas who have, within the applicable statute of limitations, have [sic] been denied pay in violation of Arkansas state law and the FLSA." She also expresses an interest in representing a similar national class, should "this rule prove to be company wide[.]" She contends that her claims are typical of those of the proposed class inasmuch as all class members were victims of Baxter's policy requiring "its hourly employees to clock-in ten minutes before their shift and be at their workbench prior to their shift and wait for work" without compensation. She alleges that she and her counsel are competent to represent the class, and that she is similarly situated to the potential

class members because they, like her, are non-exempt employees who were unlawfully deprived of compensation by Baxter's uniform practice.

## II.

The FLSA authorizes "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime and record-keeping provisions. 29 U.S.C. § 216(b) (2006). The FLSA does not expressly define "similarly situated." Although the Eighth Circuit has not addressed the issue, this Court and others within the Eighth Circuit have applied the two-step approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See In re Pilgrim's Pride*, No. 1:07-CV-1832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (citing to federal courts that follow the two-step approach and adopting it); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005) (applying the two-step approach); *Kalish v. High Tech Inst., Inc.*, No. Civ. 04-1440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (applying the two-step approach); *McQuay v. Am. Int'l Group*, No. 4:01CV00661, 2002 WL 31475212, at *2 (E.D. Ark. Oct. 25, 2002) (noting that "a majority of courts have adopted a two-step process"). Generally, the plaintiffs move for conditional certification at an early stage in the litigation, and a class is conditionally certified for notice purposes. *Davis*, 408 F. Supp. 2d at 815. Then, the defendant is allowed the opportunity to move for de-certification at the close of discovery. *Id.*

In the first stage, or "notice stage," courts apply a lenient standard to determine whether persons similarly situated to the named plaintiffs exist and should receive notice. *Id.* The plaintiffs bear the burden of proof at this stage, and they "can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685,

689 (W.D. Mo. 2007) (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). The plaintiffs can satisfy their burden through the use of affidavits, supported by admissible evidence. *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734, 2009 WL 211943, at *2-3 (E.D. Mo. Jan. 27, 2009). "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010).

In support of her motion for certification, Wheeler offers only her "Sworn Declaration." Despite its title, Wheeler's declaration appears to be an unsworn declaration made under penalty of perjury rather than a declaration sworn under oath. *See United States v. Gomez-Vigil*, 929 F.2d 254, 258 (6th Cir. 1991). Such a declaration must be dated and signed. 28 U.S.C. § 1746 (2006). Wheeler's declaration is not dated. Furthermore, Wheeler did not actually sign her declaration. Rather her name appears in the format used for attorney signatures for electronically filed documents—namely, "/s/ Monica Wheeler"—which is not permitted for a non-attorney signature on a document filed by electronic means. *See* Local Rule 5.1; CM/ECF Administrative Policies and Procedures Manual for Civil Filings, United States District Court, Eastern District of Arkansas 8-9 (2011). Wheeler's declaration should be excluded from consideration for the purposes of resolving this motion. *See Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994) ("Although [the plaintiff's] affidavits were subscribed under penalty of perjury, they were undated. Given the explicit language of the statute, they must therefore be excluded from consideration."); *Jennings v. Nat'l R.R. Passenger Corp.*, No. 97C6385, 1998 WL 460270, *7 (N.D. Ill. July 30, 1998) ("Additionally, [the] affidavit contains no date of execution. The court would be justified in striking these affidavits for technical non-compliance with Rule 56(e) and § 1746."). Therefore, Wheeler's motion must be

denied because she has offered no evidence, setting aside her deficient declaration, to establish that potential plaintiffs, similarly situated to her, exist.

Even considering Wheeler's declaration, her motion for conditional certification should be denied. To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices; and (5) the extent to which the acts constituting the alleged violations are similar. *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001). Wheeler's declaration states in full:

> COMES the Plaintiff, and for this Declaration, states:
>
> 1. My name is Monica Wheeler. I am over the age of 18.
>
> 2. I worked as an hourly employee for the Defendant. I, as well as many other hourly employees, was required by Defendant to report at a particular time where I worked prior to the start of my shift, because I was required to be there at the start of my shift ready and willing to work. Defendant required me to clock-in ten minutes before my shift and be at my workbench prior to my shift and wait for work, but Defendant did not pay me for this time.
>
> I declare the foregoing is true under penalty of perjury of the laws of the United States of America.

Wheeler's declaration offers no evidence tending to establish the first three factors. Her single statement about other employees amounts to nothing more than a conclusory allegation that additional, similarly situated, potential class members exist. Wheeler's proffered evidence falls short of meeting even the lenient standard required at the initial stage. *Guan Ming Lin v. Benihana Nat'L Corp.*, 755 F. Supp. 2d 504 (S.D.N.Y. 2010) ("[T]he plaintiff's supporting allegations must be specific, not conclusory."). This Court and others have denied conditional class certification

where the plaintiffs presented more evidence than Wheeler has offered here. *See Salter v. Onyx Corp.*, No. 4:10CV906, 2011 WL 744979 (E.D. Ark. Feb. 24, 2011) (plaintiff's single affidavit containing more details than the instant case); *Madden v. Lumber One Home Ctr. of Stuttgart, Inc.*, No. 4:10CV01162, 2010 WL 4974971 (E.D. Ark. Dec. 2, 2010) (two affidavits and Department of Labor documents); *Wacker v. Pers. Touch Home Care, Inc.*, No. 4:08CV93, 2008 WL 4838146 (E.D. Mo. Nov. 6, 2008) (plaintiff's affidavit); *Knutson v. Blue Cross and Blue Shield of Minn.*, No. 08-584, 2008 WL 4371382 (D. Minn. Sept. 23, 2008) (declaration of former employee other than plaintiff); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703 (N.D. Tex. 2008) (five affidavits from plaintiffs); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007) (plaintiffs' affidavits); *see also Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663 (N.D. Tex. 2007) (No evidence other than the "[p]laintiff's conclusory allegations contained in the form of his first affidavit."). Consequently, Wheeler's motion must be denied.

Because an insufficient amount of discovery has been conducted to enable the Court to make an informed decision as to whether persons similarly situated to Wheeler exist, the motion for certification is denied without prejudice. *Madden*, 2010 WL 4974971, at *5.

Wheeler also requests that the Court stay the briefing dates for the proposed state-law class. No motion for certification of a state-law class has been filed, and Wheeler does not present any reasons why the Court should certify a state-law class. Based on Wheeler's instant motion, the Court will not certify a state-law class. Therefore, her request regarding the briefing dates for the proposed state-law class is premature, and will be denied.

For the reasons stated above, the Wheeler's motion for collective action under the FLSA is DENIED without prejudice. Document #12.

IT IS SO ORDERED this 8th day of November, 2011.

                                                J. LEON HOLMES
                                                UNITED STATES DISTRICT JUDGE